May 10, 2007

Dewey E. Helmcamp III, J.D.
Executive Director
Texas Board of Veterinary Medical Examiners
333 Guadalupe, Suite 3-810
Austin, Texas 78701-3942

Opinion No. GA-0547

Re: Validity of a rule adopted by the Texas Board of Veterinary Medical Examiners that prohibits a Board licensee from dispensing any controlled substance unless the licensee is registered with the Texas Department of Public Safety (RQ-0553-GA)

Dear Mr. Helmcamp:

You ask about the validity of a rule adopted by the Texas Board of Veterinary Medical Examiners (the "Board") that prohibits a Board licensee from dispensing any controlled substance unless the licensee is registered with the Texas Department of Public Safety (the "DPS") under the Texas Controlled Substances Act, chapter 481 of the Health and Safety Code (the "Act"). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.001–.205 (Vernon 2003 & Supp. 2006).[1]

Section 481.061 of the Act states in relevant part:

> (a) Except as otherwise provided by this chapter, a person who is not a registrant may not manufacture, distribute, prescribe, possess, analyze, or *dispense* a controlled substance in this state.
>
> (b) A person who is registered by the director . . . may possess, manufacture, distribute, analyze, *dispense*, or conduct research with [a controlled] substance to the extent authorized by the person's registration and in conformity with this chapter.

*Id.* § 481.061(a)–(b) (Vernon 2003) (emphasis added). A "registrant" is a person who is registered with the director in accordance with the Act's requirements. *See id.* §§ 481.002(45) (Vernon Supp.

---

[1]*See* Letter from Dewey E. Helmcamp III, J.D., Executive Director, Texas Board of Veterinary Medical Examiners, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (Nov. 9, 2006) [hereinafter Request Letter]; *see also* Memorandum Brief attached to Request Letter from Lee H. Mathews, General Counsel, Texas Board of Veterinary Medical Examiners, to Opinion Committee, Office of the Attorney General (Nov. 9, 2006) [hereinafter Board Brief]; Brief attached to Request Letter from Donald A. Ferrill, Brown, Pruitt, Peterson & Wambsganss, P.C., to Lee H. Mathews, Texas Board of Veterinary Medical Examiners (Sept. 29, 2006) [hereinafter Ferrill Brief] (Request Letter and attached briefs on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us).

2006), 481.063 (Vernon 2003). The "director" is "the director of the [DPS] or an employee of the [DPS] designated by the director." *Id.* § 481.002(11). "Dispense" means "the delivery of a controlled substance in the course of professional practice or research, by a practitioner or person acting under the lawful order of a practitioner, to an ultimate user or research subject." *Id.* § 481.002(12). "Dispense" also "includes the prescribing, administering, packaging, labeling, or compounding necessary to prepare the substance for delivery." *Id.* Likewise, a "dispenser" is "a practitioner, institutional practitioner, pharmacist, or pharmacy that dispenses a controlled substance." *Id.* § 481.002(13). Finally, a "practitioner" is defined to include a veterinarian. *Id.* § 481.002(39)(A). In sum, the Act requires a veterinarian who dispenses a controlled substance to register with the director of the DPS or his designee.

The Act also furnishes a number of exemptions from registration. Certain "persons are not required to register and may *possess* a controlled substance under this chapter: (1) an agent or employee of a registered manufacturer, distributor, analyzer, or *dispenser* of the controlled substance acting in the usual course of business or employment." *Id.* § 481.062(a)(1) (Vernon 2003) (emphasis added).

The Board adopted the rule at issue here under chapter 801 of the Occupations Code, which regulates the "practice of veterinary medicine," defined in relevant part as:

> (A) the diagnosis, treatment, correction, change, manipulation, relief, or prevention of animal disease, deformity, defect, injury, or other physical condition, including the prescription or administration of a drug, biologic, anesthetic, apparatus, or other therapeutic or diagnostic substance or technique; [and]
>
> (B) the representation of an ability and willingness to perform an act listed in Paragraph (A)[.]

TEX. OCC. CODE ANN. § 801.002(5)(A)–(B) (Vernon 2004). A "veterinarian" is "a person licensed by the [B]oard under this chapter to practice veterinary medicine." *Id.* § 801.002(1), (6). The Board is empowered to "adopt rules as necessary to administer this chapter" and to "adopt rules of professional conduct appropriate to establish and maintain a high standard of integrity, skills, and practice in the veterinary medicine profession." *Id.* § 801.151(a)–(b). The Board is required to adopt rules to:

> (1) protect the public; and
>
> (2) ensure that alternate therapies, including ultrasound diagnosis and therapy, magnetic field therapy, holistic medicine, homeopathy, chiropractic treatment, acupuncture, and laser therapy, are performed only by a veterinarian or under the supervision of a veterinarian.

*Id.* § 801.151(c).

Rule 573.43, about which you inquire, provides in relevant part that "a licensee may not prescribe, dispense, deliver, or order delivered any controlled substance unless the licensee is currently registered with the . . . (DPS) to dispense controlled substances." 22 TEX. ADMIN. CODE § 573.43(a) (2007) (Tex. Bd. of Veterinary Med. Exam'rs, Prescribing and/or Dispensing Medications).[2] You indicate that this rule has been challenged as an unlawful exercise by the Board of the Legislature's grant of authority to adopt rules. *See* Request Letter, *supra* note 1, at 2; *see also* Board Brief, *supra* note 1, at 1; Ferrill Brief, *supra* note 1, at 3–5. It is argued that a veterinarian who is not registered with the DPS may dispense controlled substances under the exemption of section 481.062 of the Act as "an agent or employee of a registered . . . dispenser of the controlled substance acting in the usual course of business or employment." TEX. HEALTH & SAFETY CODE ANN. § 481.062 (a)(1) (Vernon 2003). *See* Ferrill Brief, *supra* note 1, at 3; *see also* Board Brief, *supra* note 1, at 2. You ask whether rule 573.43 is a valid exercise of the Board's discretion.

A state administrative agency has only those powers expressly conferred on it by the Legislature as well as those implied powers that are reasonably necessary to carry out the express responsibilities mandated by the Legislature. *See State v. Pub. Util. Comm'n*, 883 S.W.2d 190, 194 (Tex. 1994); *R.R. Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). The rule-making authority of the Board is designed to "protect the public" as well as to "establish and maintain a high standard of integrity, skills, and practice in the veterinary medicine profession." TEX. OCC. CODE ANN. § 801.151(b)–(c) (Vernon 2004). The Board rule in question follows from the Board's duties to protect the public and to maintain high standards in the profession it regulates. *See id.* Moreover, the rule is not inconsistent with section 481.062 of the Act, which permits a non-registrant who is an "agent or employee" of a licensee to "possess" a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.062(a)(1) (Vernon 2003). In no respect does section 481.062 allow an agent or employee to *dispense* a controlled substance. *See id.* Accordingly, we conclude that the referenced portion of the Board's rule is a valid exercise of the Board's authority.

You also ask whether the Act confers "exclusive rulemaking authority on the DPS with regard to controlled substances and thereby preempt[s] or preclude[s] rulemaking on controlled substances by the Board." Request Letter, *supra* note 1, at 2. You do not inquire about any particular Board rule other than rule 573.43, and therefore we will not speculate about the Board's authority to enact additional rules regarding controlled substances. The Act does not explicitly confer exclusive rule-making authority on the DPS with respect to controlled substances. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.001–.205 (Vernon 2003 & Supp. 2006). And indeed, it could not do so in light of federal statutes that regulate controlled substances. *See, e.g.*, 21 U.S.C.A. § 801 (West 1999 & Supp. 2006). Moreover, as we have indicated, rule 573.43 merely restates, with regard to those persons over whom the Board has jurisdiction, the substance of the Act's requirements. An individual who *dispenses* controlled substances must register with the DPS, and the exemptions provided by section 481.062(a) permit only the *possession*, rather than the *dispensing*, of a controlled substance by an agent or employee of a registrant.

---

[2]The remainder of rule 573.43 relates to the requirement and potential waiver of registration with the federal Drug Enforcement Administration. *See* 22 TEX. ADMIN. CODE § 573.43(b)–(c) (2007) (Tex. Bd. of Veterinary Med. Exam'rs, Prescribing and/or Dispensing Medications). You do not inquire about these sections. *See* Request Letter, *supra* note 1, at 1–2.

## S U M M A R Y

The Texas Board of Veterinary Medical Examiners is authorized to adopt a rule that prohibits a Board licensee from dispensing any controlled substance unless the licensee is registered to do so with the Texas Department of Public Safety.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee